MATTIE BOHRER v. J. S. ADAIR.

FILED MAY 22, 1901. No. 9,601.

Commissioner's opinion. Department No. 1.

Garnishment: STOCK SUBSCRIPTION. A stock subscription to the capital stock of a corporation, which by its terms is due and payable, may be garnished by a creditor of the corporation, and to the extent it is due and unpaid may be applied to the satisfaction of the creditor's claims, the corporation being a going concern and having dominion over its property.

ERROR from the district court for Buffalo county. Tried below before GREENE, J. *Reversed.*

*Dryden & Main*, for plaintiff in error.

*E. C. Calkins, contra.*

Orally argued by *Dryden*, for plaintiff in error, and by *Calkins, contra.*

DAY, C.

This action was brought under section 225 of the Code of Civil Procedure, which, in so far as it relates to the subject matter of this controversy, provides that in case the garnishee fails to appear and answer, or if he answer and his disclosure is not satisfactory to the plaintiff, the plaintiff may proceed against him as in ordinary actions. The facts alleged in the petition, necessary to be set out to correctly understand the points in controversy, are as follows: In 1891 the Kearney National Bank recovered judgment in the district court of Buffalo county against the Journal Company, upon which there was due and unpaid over $1,200, which judgment had been duly assigned to the plaintiff, and upon which execution was issued and returned *nulla bona.* The Journal Company is a corporation organized under the laws of Nebraska on the 1st day of July, 1890, with a capital stock fixed at

$25,000, and by its articles of incorporation was author-
ized to begin business when $5,000 had been subscribed
to its capital stock; that good and valid subscriptions
were secured to the amount of $5,000.   The defendant
subscribed $500 to the capital stock of said company and
agreed to pay therefor, one-fourth upon the organization
of the company and the remainder in equal installments,
in three, six and nine months from the date of the organ-
ization of the company; that said amount remains wholly
due and unpaid from the defendant to the Journal Com-
pany.   Upon the return of the execution *nulla bona,* gar-
nishment summons was served on the defendant as a
debtor of the Journal Company.   His answer as garnishee
being unsatisfactory to the plaintiff, this action was in-
stituted under the provisions of the statute above re-
ferred to.   A demurrer was interposed to the petition,
upon the grounds of defect of parties and that the facts
alleged fail to state a cause of action.   The demurrer was
sustained, and plaintiff electing to stand upon his peti-
tion, the action was dismissed.   The plaintiff brings error
to this court.

The ultimate question presented by the record is
whether, under the facts alleged, the subscription to the
capital stock can in a proper sense be said to be an asset
of the corporation.   If it is, there seems to be no good
reason why it may not be subjected to the payment of
the debts of the corporation by the usual remedies pro-
vided by statute for the enforcement of payment.   The
time of payment of the subscription in this case is fixed
by the contract of subscription, and at the time
the garnishee-order was served nothing remained to be
done to render it a subsisting obligation to the
corporation.   If at the time of the subscription to the
stock the defendant had given his note for the amount
to the corporation and the same was due and unpaid, it
could not, we think, be claimed that the amount was not
an asset of the corporation, and on principle we can see
no valid distinction between an obligation arising by vir-

tue of a subscription which by its terms is due and payable and one arising by virtue of any other contract. In either case it is a debt due the corporation and as such is a part of its subsisting assets. The fact that the corporation may not have insisted on the payment does not render it any the less an obligation owing to the company. In Cook on Corporations [4th ed.], section 201, the rule is stated: "There are various remedies which corporate creditors may employ to enforce the payment of partially paid up subscriptions. Among these is that of garnishment. Thus, where a subscription has been called in, in part or wholly, and has not been paid by the subscriber it is, at least to the extent of such calls, an asset of the corporation, and, like other assets, is subject to garnishment at the instance of a corporate creditor. When, therefore, a stockholder is in default for installments of stock for which calls have been made, he stands in the attitude of any other debtor to the corporation, and may be garnished in the usual way, upon the theory of the authorities just cited, for the purpose of collecting the debt due from the corporation. But this remedy is not available to reach that part of the unpaid subscription for which calls have not been made." This statement of the author concisely states the rule and is supported by authorities cited and we cheerfully adopt it.

It is contended by counsel for defendant in error that this court has adopted the rule that an action could not be maintained by a single creditor against a single stockholder of a corporation, and that the same reasoning would apply with equal or greater force against the garnishment by a single creditor of a stockholder. The rulings of this court in the cases referred to are not at variance with the doctrine announced in this opinion. This action arises on demurrer and we must assume the facts alleged to be true, and are not permitted to go into the realms of speculation as to what facts might be developed on an answer and trial. So far as we know, there is but one stockholder who has not paid his sub-

scription, and there is no fact stated from which an inference might be drawn that there are other creditors, and nothing to indicate but that the corporation is a going concern. In *Farmers Loan & Trust Company v. Funk*, 49 Nebr., 353, the pleadings admit that before suit was brought a receiver had been appointed for the bank to wind up its affairs, and that it was insolvent. It was at the time in the hands of a court of equity to make a settlement of its affairs, and had ceased to be a going concern. These facts being established, it was very proper to hold that an individual creditor could not come in and sue a stockholder for his own benefit alone. In addition, the liability sought to be enforced was what is known as the "double liability" under section 7 of article 11 of the constitution. We do not doubt the correctness of the rule that where the corporation has become insolvent and a receiver has been appointed, or by some action it has lost dominion over its property, that then the property of every character becomes a trust fund for the benefit of creditors. This court has held, in *Shaw v. Robinson*, 50 Nebr., 403, that in a proper case an insolvent corporation may make a preference to its creditors, and it seems to us to be illogical to hold that stock subscriptions of a corporation which are due and payable are in the nature of a trust fund for the benefit of all its creditors, whilst its other assets might be used to create a preference.

The case of *Van Pelt v. Gardner*, 54 Nebr., 701, is cited by counsel for both sides, to sustain their respective contentions. The facts of that case were: That in 1887, the Metropolitan Building & Loan Association was organized with a capital stock fixed at $50,000, divided into shares of $1,000 each; the shares to be paid for in monthly installments of $12.50 each. In 1890 Van Pelt and others recovered a judgment against the corporation, upon which execution was issued and returned wholly unsatisfied. Van Pelt and others then brought this action against Gardner and others, stockholders of said corpora-

tion, claiming they were largely indebted to the corpora-
tion for subscriptions of stock made by them and which
subscriptions of stock they had not paid. "In other
words," says the court, "the object of this action was,
in effect, to compel each of the said stock subscribers to
pay into court such a part of his unpaid stock subscrip-
tion as would be sufficient to satisfy Van Pelt's judg-
ment, interest and costs." In these facts there is noth-
ing to indicate that any portion of the unpaid subscrip-
tion was due and unpaid to the corporation by virtue of
the contract of subscription, and the theory upon which
it was sought to maintain the action was that section 4,
article 11 (Miscellaneous Corporations), of the constitu-
tion made the stock subscribers liable for the debts of
the corporation to the amount of their unpaid subscrip-
tions. It was held that "one creditor of a corporation
can not maintain an action in his own name and for his
own benefit against the debtor stock subscribers of a
corporation; but to subject unpaid stock subscriptions
to the payment of corporate debts, all debtor stock
subscribers and all creditors of the corporation should
be made parties, and a receiver appointed." This
is a sufficient statement to show that there is nothing
inconsistent with the views expressed in this opinion in
the utterances of the court in *Van Pelt v. Gardner.* The
liability of a stockholder for the unpaid subscription,
whether it is due to the corporation or not, does not run
direct to the creditor, but his obligation is through the
corporation. There is no privity of contract between the
creditor of the corporation and the stockholder, and this
in itself is a sufficient reason why an action will not lie
at the instance of a creditor directly against the stock-
holder. In the case now before us the garnishment pro-
ceedings creates the privity between the creditor and the
stockholder, and the statute prescribes this proceeding
as one of the remedies which a creditor has the right to
employ in the enforcement of his judgment against a
judgment debtor.

Reference was also made in the briefs to the cases of German Nat. Bank v. Farmers & Merchants Bank, 54 Nebr., 593; Hastings v. Barnd, 55 Nebr., 93, and Pickering v. Hastings, 56 Nebr., 201. But an examination of these cases will not show a variance with the conclusions reached here. We hold that where a subscription to the capital stock of a corporation is by its terms due and payable to the corporation, it becomes a direct asset of the corporation, and can be reached by garnishment proceedings by a creditor of the corporation, it not being shown that a receiver has been appointed for the corporation or any action taken to wind up its affairs.

For the reasons above suggested it follows that the learned district judge erred in sustaining the demurrer to plaintiff's petition, and we therefore recommend that the cause be reversed and remanded for further proceedings.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment in the above case is reversed, and the cause is remanded for further proceedings in accordance with said opinion.

REVERSED AND REMANDED.